NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SALVADOR CABRERA ARVIZO,

Petitioner,

v.

TODD BLANCHE, Attorney General,

Respondent.

No. 25-5403

Agency No.
A215-562-512

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 10, 2026[**]
San Francisco, California

Before: LEE, MENDOZA, JR., and DE ALBA, Circuit Judges.

Petitioner Salvador Cabrera Arvizo, a native and citizen of Mexico, petitions

for review of a Board of Immigration Appeals ("BIA") order denying his motion to

reopen proceedings related to his application for protection under the Convention

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252. We deny the petition.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1180 (9th Cir. 2023). "The BIA abuses its discretion when it acts 'arbitrarily, irrationally, or contrary to the law,'" or "fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (quoting *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005)). Because motions to reopen are "disfavored," the agency has "broad discretion" to grant or deny such motions. *Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021) (quoting *INS v. Doherty*, 502 U.S. 314, 323 (1992)). We review the BIA's factual findings, such as its determinations regarding government acquiescence, for substantial evidence. *Kaur v. Garland*, 2 F.4th 823, 830, 837 (9th Cir. 2021).

1. The BIA did not abuse its discretion in denying Petitioner's motion to reopen. The BIA can deny a motion to reopen on the independent ground that a petitioner has failed to establish prima facie eligibility for the relief sought. *Fonseca-Fonseca*, 76 F.4th at 1180; *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). A noncitizen who has been ordered removed is entitled to protection under CAT if they demonstrate that "it is more likely than not" that they will be tortured—with the consent or acquiescence of a public official or other person acting in an official capacity—if removed to a certain country. *Maldonado*

2                                                                25-5403

*v. Lynch*, 786 F.3d 1155, 1162 (9th Cir. 2015) (en banc) (citing 8 C.F.R. § 1208.16(c)(2)).  To warrant reopening, a petitioner need only demonstrate that the new evidence submitted with their motion to reopen—when considered together with the entirety of the previously-submitted evidence—establishes "a reasonable likelihood" that they are eligible for the requested relief.  *Fonseca-Fonseca*, 76 F.4th at 1178, 1183; *Limsico v. U.S. I.N.S.*, 951 F.2d 210, 213 (9th Cir. 1991).

The BIA's determination that Petitioner's motion to reopen failed to establish a prima facie case for CAT relief is supported by substantial evidence.  In support of his motion, Petitioner submitted the following new evidence: (1) a letter from the U.S. Department of Justice; (2) copies of a threatening text message received from an individual allegedly associated with a Mexican cartel; (3) a copy of a report made by Petitioner to the Clackamas County Sheriff's Office regarding the threats he allegedly received; (4) a declaration from Petitioner describing threats received from an individual allegedly associated with a Mexican cartel; and (5) a declaration from Petitioner's sister detailing threats received by Petitioner and describing how she had delivered a car to individuals associated with the cartel at Petitioner's direction.  The BIA and IJ previously determined that Petitioner failed to establish that he would be tortured with the consent or acquiescence of the Mexican government.  The agency's prior and most recent determinations are supported by substantial evidence, and none of the evidence newly submitted by Petitioner—when viewed together with the

25-5403

previously-submitted evidence before the BIA—compels a contrary conclusion.[1]

*Kaur*, 2 F.4th at 837 (reviewing the BIA's acquiescence determination, in context of a motion to reopen, for substantial evidence); *Toufighi v. Mukasey*, 538 F.3d 988, 995 (9th Cir. 2008). Petitioner asserts, generally, that it is "well-known that drug cartels in Mexico . . . are powerful criminal organizations [that] will not forget a betrayal . . . and control all of Mexico and work with police and politicians." He further claims that the threats he received indicate that he "would be delivered to the cartel by the police" if returned to Mexico. Such "speculative conclusions or vague assertions" are insufficient to establish a prima facie case for relief at the motion to reopen stage. *See Silva v. Garland*, 993 F.3d 705, 718 (9th Cir. 2021). And Petitioner's assertion is also unsupported by the other evidence he submitted. Petitioner therefore fails to show a reasonable likelihood that he would prevail on the merits, and the BIA did not abuse its discretion in denying his motion to reopen. *Silva*, 993 F.3d at 719 (holding that the BIA did not abuse its discretion when it was "neither arbitrary nor irrational for the BIA to conclude" that the record evidence did

---

[1] Petitioner also asserts that the BIA applied the wrong standard in its prima facie eligibility determination. We discern no error. The BIA cited the appropriate standard from our decision in *Fonseca-Fonseca*, 76 F.4th at 1183, which requires only that a petitioner demonstrate a "reasonable likelihood" that they would prevail on the merits were the motion to reopen granted. Nor does the BIA's decision otherwise suggest that it applied a heightened standard to its prima facie determination. *Cf. Garland v. Ming Dai*, 593 U.S. 357, 369 (2021) (concluding that a reviewing court must "uphold even a decision of less than ideal clarity if the agency's path may be reasonably discerned" (citation modified)).

not establish a prima facie case for CAT relief).

**PETITION DENIED.**[2]

---

[2] The stay of removal will remain in place until the mandate issues. Petitioner's motion to stay removal, Dkt. 3, is otherwise denied.